UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-20811-CIV-LENARD/O'SULLIVAN

EMILIO PINERO,

    Plaintiff,

v.

OPA LOCKA SERVICE STATION, LLC,

    Defendant.
                                         /

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Plaintiff's Motion For Default (DE # 12, 5/31/13). This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Joan A. Lenard, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). (DE# 13, 5/31/13). Having reviewed the applicable filings and law, having received no response when a response was due, and having held an evidentiary hearing, the undersigned respectfully recommends that the Plaintiff's Motion For Default (DE # 12, 5/31/13) be GRANTED as more fully discussed below.

### INTRODUCTION

On May 31, 2013, the plaintiff filed the Plaintiff's Motion For Default (DE # 12, 5/31/13). On May 31, 2013, this Court ordered the defendant to file a response by June 19, 2013 and required a corporate representative of the defendant to appear at the June 27, 2013 hearing on Plaintiff's Motion For Default (DE # 12, 5/31/13). On June 6, 2013, the plaintiff notified the Court through a filing (DE# 15) that on June 3, 2013, the plaintiff sent both the Court's Order (DE# 14) and the Plaintiff's Motion for Default (DE#

12) by certified and priority mail to the defendant, and on June 4, 2013, the postal service tracking records indicated that the mail was received. The defendant failed to respond to the motion and failed to appear at the June 27, 2013 hearing. On June 27, 2013, the Court entered an Order setting the Plaintiff's Motion for Default (DE# 12, 5/31/13) for an evidentiary hearing on Monday, July 8, 2013 at 10:30 a.m., required a corporate representative of the defendant to appear at the hearing, and required the plaintiff to promptly serve the defendant with a copy of the Order and to file a notice of compliance with the Court when service is completed. On July 7, 2013, the plaintiff notified the Court through a filing (DE# 18) that on July 1, 2013, the plaintiff sent a copy of the Court's June 27, 2013 Order by certified and priority mail to the defendant, and that on July 2, 2013, the postal service tracking records indicated that the mail was received. On July 8, 2013, the undersigned held an evidentiary hearing on the Plaintiff's Motion for Default. The defendant did not appear and did not file any response to the Plaintiff's Motion for Default. The plaintiff presented the testimony of his ADA Consultant, William Cody.

## STANDARD FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55(b) provides that this Court may enter a Judgment By Default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend against an action. Fed. R. Civ. P. 55(b)(2). If the Court determines that the defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.

2

Nishimatsu Const. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  "A judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979)).  Damages are a sum certain when they are liquidated or can be calculated through reference to the terms of the agreement between the parties.  Id., see also, F.D.I.C. v. Spartan Mining Co., Inc., 96 F.R.D. 677 (D.C. W. Va. 1985).  Section12188(a)(2) of Title 42 of the United States Code authorizes the Court to grant injunctive relief to plaintiffs for violations of Title III of the ADA including an order to alter the subject facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA. 42 U.S.C. §§ 12182(a), 12188(a)(2).

## DISCUSSION

Rule7.1(C), Local Rules for the United States District Court for the Southern District of Florida which provides, in pertinent part:

> Each party opposing a motion shall serve an opposing memorandum of law no later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure.  **Failure to do so may be deemed sufficient cause for granting the motion by default**.  (Emphasis supplied).

S.D. Fla. L.R. 7.1(C).  "It is well established that the district court has the authority to . . .

---

[1] The Eleventh Circuit in Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

enter default judgment . . . for failure to . . . comply with its orders." See Flaska v. Little River Marine Construction Co., Inc., 389 F.2d 885, 887 (5th Cir. 1968), cert. den. 88 S. Ct. 2287, 392 U.S. 928 (1968) (citations omitted).

In the undersigned's Order dated May 31, 2013 (DE# 14), the undersigned gave notice to the defendant, Opa Locka Service Station, LLC, that the failure to comply with the aforementioned Order may result in a recommendation that a default be entered in favor of the plaintiff. As of the date of this Report and Recommendation, no response was filed to the subject motion in contravention of this Court's Local Rule and the undersigned May 31, 2013 Order (DE# 14). The undersigned, therefore, recommends that a default judgment be entered in favor of the plaintiff and against Opa Locka Service Station, LLC.

Because of the defendant's default, the allegations in the Complaint filed in this action shall be taken as true. Tyco Fire & Sec., LLC v. Alcocer, 218 Fed. App'x 860, 863 (11th Cir. 2007) (unpublished) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). At the evidentiary hearing, the plaintiff presented the testimony of William Cody, the plaintiff's ADA consultant. Mr. Cody testified regarding the following architectural barriers/violations of the Americans Disability's Act:

1. The restroom has the following problems that need to be corrected:

    a. There are bars under the sink in the required knee clearance contrary to the ADA Accessibility Guideline ("ADAAG") section 606.2.

    b. The paper towels are obstructed by a trash can contrary to ADAAG section 309.2.

   c. There are no grab bars in the stall on the back and side walls contrary to ADAAG section 604.5.

   d. There is a coat hook that is above 54 inches contrary to ADAAG section 604.8.3.

   e. There is a pinch type lock on the stall door that requires grasping and pinching to operate contrary to ADAAG section 309.4.

 2. The route from the parking space to the entrance of the store is on a cross slope of more than 2.08% contrary to ADAAG section 403.3.

 3. The front door has a slope in the required maneuvering space in the doorway to the store contrary to ADAAG section 404.2.4.4.

Mr. Cody also testified that the necessary corrections are readily achievable. See Hoewischer v. Cedar Bend Club, Inc., 877 F. Supp. 2d 1212, 1226 (M.D. Fla. 2012) (citing Dept. of Justice, ADA Title III Technical Assistance Manual (1993), available at http://www.ada.gov/taman3.html, which has a list of twenty-one examples of readily achievable modifications, including installing ramps, making curb cuts in sidewalks and entrances, widening doors, installing accessible door hardware, creating designated accessible parking spaces, installing grab bars in toilet stalls, and repositioning the paper towel dispenser in a bathroom). The undersigned finds that the plaintiff's motion is adequately supported. The undersigned, therefore, recommends that the Plaintiff's Motion for Final Default Judgment (DE# 12, 5/31/13) be GRANTED and that the plaintiff's proposed final judgment should be amended to be consistent with paragraphs 2 and 3 above and should be entered (DE# 12-2, 5/31/13).

## **RECOMMENDATION**

In accordance with the foregoing Report and Recommendation, the undersigned respectfully recommends that the Plaintiff's Motion For Default (DE # 12, 5/31/13) be GRANTED.

The parties have fourteen (14) days from the date of receipt of the foregoing Report and Recommendation within which to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Court Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).  It is

**ORDERED AND ADJUDGED that the plaintiff shall promptly serve the defendant with a copy of this Report and Recommendation and file a notice of compliance with this Court once service is completed.**

RESPECTFULLY SUBMITTED, in Chambers, at Miami, Florida, this 8th day of July, 2013.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Lenard
All Counsel of Record